1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        NORTHERN DISTRICT OF CALIFORNIA
9
10
11   J.L., et al.,                              Case No.18-cv-04914-NC

              Plaintiffs,                       **ORDER GRANTING**
12                                              **PLAINTIFFS' MOTION FOR**
         v.                                     **CLASS CERTIFICATION**
13
                                                Re: Dkt. No. 71
14   LEE FRANCIS CISSNA, et al.,

              Defendants.
15
16

17        Before the Court is Plaintiffs' motion for class certification.  *See* Dkt. No. 71.

18   Plaintiffs are a group of young immigrants who allege that the defendants—the United

19   States Department of Homeland Security ("DHS"), the United States Citizenship and

20   Immigration Services ("USCIS"), and individual officers in charge of those departments—

21   have adopted a new, unlawful requirement for obtaining Special Immigrant Juvenile status.

22   Because the requirements of Federal Rule of Civil Procedure 23(a) and Rule 23(b)(2) are

23   met, the Court GRANTS Plaintiffs' motion.

24   **I.    Background**

25        **A.    Statutory Framework**

26             The Court previously detailed the relevant statutory background and legislative

27   history in its October 24, 2018, order granting Plaintiffs' motion for preliminary

28   injunction.  *See* Dkt. No. 49.  The Court provides only an abbreviated overview of the

relevant statutory framework below.

Special Immigrant Juvenile ("SIJ") status is a "special immigrant" classification granted to non-citizen juveniles who have been abused, neglected, or abandoned by their parents. *See* 8 U.S.C. § 1101(a)(27)(J) ("SIJ statute"). The SIJ statute was significantly overhauled in 2008 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See* Pub. L. No. 110-457 § 235(d), 122 Stat. 5044 (2008). SIJ status confers various benefits, including protection from removal and a pathway to permanent residency and citizenship. *See* 8 U.S.C. §§ 1255, 1427. Under the current version of the SIJ statute, eligibility for SIJ status is limited to:

[A]n immigrant . . . present in the United States--

(i)      who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

(ii)    for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(iii)   in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status . . . .

8 U.S.C. § 1101(a)(27)(J).

The United States Immigration and Naturalization Service ("INS") first promulgated implementing regulations for the SIJ statute in 1993. *See* 58 Fed. Reg. 42843 [Aug. 12, 1993]. Despite passage of the TVPRA in 2008, the implementing regulations

have not been updated.[1]  The implementing regulations for the SIJ statute continue to state that a petitioner for SIJ status must meet the following requirements:

(1)    Is under twenty-one years of age;

(2)    Is unmarried;

(3)    Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;

(4)    Has been deemed eligible by the juvenile court for long-term foster care;

(5)    Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and

(6)    Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents . . . .

8 C.F.R. 204.11(c).  The regulations define "juvenile court" as "a court located in the United States having jurisdiction under state law to make judicial determinations about the custody and care of juveniles."  8 C.F.R. § 204.11(a).

In California, "juvenile courts" include the juvenile, probate, and family court divisions of the superior court.  Cal. Code Civ. Proc. § 155(a)(1); *see also Bianka M. v. Super. Ct.*, 5 Cal. 5th 1004, 1013 (2018).  California law specifically empowers its probate divisions to "appoint a guardian of the person for an unmarried individual who is 18 years

---

[1] Indeed, the only time the implementing regulations were updated after passage of the TVPRA was in 2009.  That update merely removed references to the INS, which was dissolved in 2002.  *See* 74 Fed. Reg. 26933-01 [June 5, 2009].

of age or older, but who has not yet attained 21 years of age, in connection with a petition to make the necessary findings regarding special immigrant juvenile status." Cal. Prob. Code § 1510.1; *see also Bianka M.*, 5 Cal. 5th at 1013.

### B.   Factual and Procedural Background

Named Plaintiffs are four 20- to 22-year old immigrants who obtained a guardianship order in California state court after their 18th birthdays. *See* Dkt. No. 70 ("FAC") ¶¶ 18–21.[2] Three of the named Plaintiffs were denied or issued a notice of the government's intent to deny SIJ status on the grounds that the California probate court lacked jurisdiction to issue the requisite guardianship order. *Id.* ¶¶18, 20–21. One named Plaintiff's SIJ application is still pending. *Id.* ¶ 19.

J.L. is an unmarried 20-year-old from New Zealand who was neglected and abandoned by her parents when she was four months old. *See* Dkt. 17 ¶ 7. She now lives in California with her aunts, who were declared her guardians by the Los Angeles County Probate Court in January 2017. *Id.* ¶¶ 3, 8. J.L. applied for SIJ status on March 15, 2017, but USCIS denied her application on April 17, 2018. *Id.* ¶¶ 19, 23. USCIS asserted that the Los Angeles County Probate Court was not a "juvenile court" with jurisdiction to issue the prerequisite guardianship order. *Id.*, Ex. C.

M.G.S. is a 20-year-old from Guatemala who was abused by his father and neglected by his mother as a child. *See* Dkt. No. 72-4 ¶ 4. When he was 17, M.G.S. fled to the United States where he now lives with his older sister in California. *Id.* ¶¶ 4–6. M.G.S.'s sister was declared his guardian by the Alameda County Probate Court in August 2017. *Id.* ¶ 6. M.G.S. applied for SIJ status on September 5, 2017, and that application is still pending. *Id.* ¶ 8. M.G.S. is currently in removal proceedings. *Id.* ¶ 9.

---

[2] Plaintiffs' first amended complaint appears to drop plaintiff M.V.B. and adds M.G.S. instead. *Compare* FAC ¶ 19 ("M.G.S. is a 20-year-old indigenous Guatemalan boy . . .") *with* Dkt. No. 1 ¶ 19 ("M.V.B. is a 19-year-old Honduran boy . . ."). Plaintiffs also do not seek to appoint M.V.B. as a class representative. *See* Dkt. No. 71 at 5–6. Thus, the Court ORDERS Plaintiffs to show cause why M.V.B. should not be dropped as a named plaintiff in this case and whether the case caption should be updated accordingly. Plaintiffs must respond by February 8, 2019, and Defendants may respond by February 15, 2019.

M.D.G.B. is an unmarried 22-year-old from Mexico who was abandoned by her father at birth. *See* Dkt. No. 17-2 ¶ 2. She was abused and neglected by her mother until the age of 7, when she moved to the United States to live with her grandmother in California. *Id.* M.D.G.B.'s grandmother was declared her guardian by the San Diego County Probate Court in February 2017. *Id.* ¶ 4. M.D.G.B. applied for SIJ status on February 7, 2017, and was issued a Notice of Intent to Deny ("NOID") on April 24, 2018. *Id.* ¶¶ 5, 6. USCIS asserted that the San Diego County Probate Court was not a "juvenile court" with jurisdiction to issue the requisite guardianship order. *Id.*, Ex. C.

J.B.A. is an unmarried 22-year-old from Mexico who was abused by her father and neglected by her mother. *See* Dkt. No. 17-3 ¶ 2. She moved to the United States with her family when she was 7 years old. *Id.* At 16, J.B.A. met her computer science teacher, who has since "become like a mother to [her]." *Id.* ¶¶ 2, 9–10. J.B.A.'s teacher was declared her guardian by the Alameda County Probate Court in January 2017. *Id.* ¶ 15. J.B.A. applied for SIJ status on February 6, 2017, and was issued a NOID on July 20, 2018. *Id.* ¶ 18. USCIS asserted that the Alameda County Probate Court was not a "juvenile court" with jurisdiction to issue the prerequisite guardianship order. *Id.*, Ex. C.

On October 24, 2018, the Court granted Plaintiffs' motion for a preliminary injunction on a class-wide basis and ordered Plaintiffs to move for class certification. *See* Dkt. No. 49 at 28. Plaintiffs filed an amended complaint on November 20, 2019, *see* Dkt. No. 70, and now move to certify a class of:

> Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

*See* Dkt. No. 71 at 15.

## II. Legal Standard

As the parties seeking certification, plaintiffs bear the burden of demonstrating

5

compliance with Federal Rule of Civil Procedure 23. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Rule 23 is not "a mere pleading standard." *Wal-Mart*, 564 U.S. at 350. Rather, the party seeking certification must satisfy the four prerequisites of Rule 23(a) and one of the three requirements of Rule 23(b). *Id.*; *see also Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1103 (9th Cir. 2017).

Rule 23(a) requires plaintiffs to demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Plaintiffs seek to certify a class under Rule 23(b)(2). *See* Dtk. No. 71 at 2. A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2).

Class certification analysis "may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) (internal citations and quotations omitted). "That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast*, 569 U.S. at 33–34 (internal citations and quotations omitted). However, the ultimate goal of Rule 23 is to determine whether efficiency and justice are best served by plaintiffs pursuing their claims on behalf of a class as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 348 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701(1979)). The decision of whether to certify a class is entrusted to the sound discretion of the district court. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *as amended by* 273 F.3d 1266 (9th Cir. 2001).

### III. Discussion

#### A. Timing of Class Certification

As a threshold matter, Defendants requested at the January 23, 2019, hearing on Plaintiffs' motion that class certification be delayed until its pending motion to dismiss is adjudicated. *See* Dkt. No. 91. Defendants argued that delaying class certification is appropriate because the Court has not issued a final decision regarding whether it has subject-matter jurisdiction over Plaintiffs' claims. According to Defendants, three of the four named Plaintiffs have not been subjected to final agency actions and the Court therefore lacks subject matter jurisdiction over their claims.

In the Court's October 24, 2018, order, however, the Court specifically considered that issue. *See* Dkt. No. 49 at 20–24 (concluding that USCIS's adoption of a new policy, not individual SIJ adjudications, is the relevant final agency action at issue in this case). While the Court considered the final agency action issue under the lower "likelihood of success" standard for preliminary injunctions, the issue was squarely addressed.[3] If the Court concludes that it lacks subject matter jurisdiction over certain claims upon review of Defendants' motion to dismiss, Defendants may move for reconsideration of this order or to decertify the class.

#### B. Scope of the Class

As stated above, Plaintiffs seek to certify the following class:

Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJ[] [status] petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

Dkt. No. 71 at 15. Defendants points out that the proposed class definition differs from that in Plaintiffs' first amended complaint, which defines the putative class as:

---

[3] Indeed, Defendants has since appealed the Court's October 24, 2018, order. *See* Dkt. Nos. 80, 85.

Children who have received guardianship orders pursuant to Probate Code § 1510.1(a) and who have received or will receive denials of their SIJ[] [status] petitions on the grounds that the state court cannot reunify them with their parents.

*See* Dkt. No. 70 ¶ 71. Defendants contends that the inclusion of "[c]hildren who . . . *will receive* guardianship orders" in the proposed class is inappropriate and Plaintiffs' motion should be denied on this basis alone. Dkt. No. 79 at 18 (emphasis in original).

District courts have split over whether a plaintiff is bound by the class definition set out in her complaint. *See Grodzitsky v. Am. Honda Motor Co.*, No. 12-cv-01142-SVW, 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014) (collecting cases). Some courts strictly adhere to class definitions provided in the operative complaint and require plaintiffs to amend their complaint before certifying a different class. *See Berlowitz v. Nob Hill Masonic Mgmt.*, No. 96-cv-01241-MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) ("The court is bound by the class definition provided in the complaint [and] will not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to amend it."). Other courts permit plaintiffs to narrow a proposed class at the certification stage without amending the complaint. *See Sandoval v. Cnty. of Sonoma*, No. 11-cv-05817-TEH, 2015 WL 1926269, at *2–3 (N.D. Cal. Apr. 27, 2015) ("Amending the complaint for the fourth time merely to narrow the proposed class definition would be futile; such amendment is unnecessary, as the class definition is established, if at all, in the order certifying the class.") (citing *Bueche v. Fidelity Nat'l Mgmt. Servs., LLC*, No. 12-cv-01114-JAM, 2014 WL 2468601, at *3 (E.D. Cal. June 2, 2014)). And a third group of district courts permit plaintiffs to modify the proposed class so long as the "proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010).

Here, the Court adopts the third approach. First, it is not clear that the change in class definition alters the scope of the class. The class definition in Plaintiffs' first

8

amended complaint does not impose temporal limitations on the class. Such a limitation would not make much sense; the crux of Plaintiffs' lawsuit challenges Defendants' policy that applies generally to *all* current and future SIJ applicants with guardianship orders from California probate courts.

*Berlowitz* and its progeny are also distinguishable. In *Berlowitz*, two disabled concert-goers sought class certification of all disabled patrons of the defendants' venue and their "attendants, family members, or friends." 1996 WL 724776, at *2. The plaintiffs' complaint, however, defined the class as "all persons . . . with physical disabilities who have been denied the right to full and equal access to [the venue]." *Id.* The district court declined to consider the broader class definition because it added a wholly different group of people. *Id.* The disabled patrons' "attendants, family members, or friends" suffer different injuries and present different discovery burdens. By contrast, here, "[c]hildren who have received . . . guardianship orders" and "[c]hildren who . . . will receive guardianship orders" are affected by Defendants' policy in the same manner. Dkt. No. 71 at 15.

In addition, Defendants cannot credibly argue that they had no notice of the scope of Plaintiffs' proposed class. From the outset of this case, Plaintiffs' stance has been clear—they seek to enjoin Defendants' allegedly unlawful policy of denying SIJ applications on the grounds that California probate courts lack jurisdiction. Plaintiffs have consistently sought relief for all SIJ applicants, not just those with pre-existing guardianship orders. Indeed, the Court's October 24, 2018, preliminary injunction enjoined Defendants from applying that policy generally.

Accordingly, the Court will consider the proposed class definition in Plaintiffs' motion for class certification.

### C. Standing

Next, Defendants argues that Plaintiffs' motion for class certification should also be denied because the proposed class includes individuals that lack standing. Specifically, Defendants contend that individuals who will, but have not yet received a guardianship

9

order do not suffer an Article III injury. *See* Dkt. No. 79 at 20–21. Defendants also argue that whatever injury those individuals may suffer is not redressable. *Id.*

Article III standing requires that (1) the plaintiff suffered "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" injury; (2) the injury is "fairly traceable" to the challenged conduct; and (3) the injury is "likely" to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, (1992) (internal quotation marks and citations omitted). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)).

Defendants' standing argument fails for two reasons. First and foremost, as the Ninth Circuit noted in *Bates*, "standing is satisfied if at least one named plaintiff meets the requirements." *Id.* Defendants all but concedes that at least one named plaintiff, J.L., has standing. *See* Dkt. No. 79 at 24.

Second, Defendants' standing argument is based in part on an overbroad reading of Plaintiffs' proposed class definition. Defendants argues that the "newly included individuals" are unable to demonstrate injury because they have not yet filed an SIJ petition and cannot show that they are entitled to SIJ status. *Id.* at 21. But individuals do not become part of the proposed class simply by receiving a guardianship order. Individuals only become part of the class if they receive a guardianship order *and* if they "receive[] or will receive denials of their" SIJ petition. Dkt. No. 71 at 15.

Moreover, Defendants misconstrues the nature of proposed class members' injury. Plaintiffs do not contend, as Defendants suggests, that all SIJ applicants are "prima facie eligible for SIJ classification" if they present a California probate court guardianship order. Dkt. No. 79 at 20. Rather, Plaintiffs contend that SIJ applicants cannot be denied SIJ status simply because they obtained a guardianship order pursuant to Cal. Prob. Code § 1510.1(a). The relevant Article III injury, therefore, is not the ultimate outcome of each individual SIJ petition—it is the deprivation of their chance to get a "fair shake" at

obtaining SIJ status as a result of Defendants' adoption of an allegedly unlawful, extrajudicial requirement. The Ninth Circuit has recognized that "harm[s] . . . directly traceable to a written policy" are sufficient to satisfy Article III's injury requirement. *Armstrong*, 275 F.3d at 861, *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *cf. Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 277 F.R.D. 572, 577 (N.D. Cal. 2011) ("Either the blanket policy is legally permissible under all the circumstances, or it is not.").

This injury is also redressable. If Plaintiffs prevail, Defendants may be enjoined from continuing to apply this requirement as to all current and future SIJ petitioners. The suggestion that some SIJ petitioners may nevertheless be denied SIJ status for an unknown reason does not defeat standing. Plaintiffs are not challenging the outcome of each SIJ petition; they are challenging the process under which USCIS adjudicates those petitions.

### D. Ascertainability

Defendants also argue that Plaintiffs' proposed class should not be certified because it is unascertainable. The Court disagrees.

As an initial matter, the Ninth Circuit recently held that Rule 23 "does not impose a freestanding administrative feasibility prerequisite to class certification." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126 (9th Cir. 2017). Although a proposed class must be ascertainable in the sense that the proposed class must be sufficiently defined and not vague, "ascertainability" is not a threshold requirement for class certification. *Id.* at 1124 n.4 (citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)). Rather, ascertainability is relevant only to the extent it is implicated by Rule 23's enumerated requirements. *Id.* (citing *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136–39 (9th Cir. 2016) (discussing ascertainability in the context of Rule 23(b)(3)'s predominance requirement)). The fact that a proposed class includes individuals who may become class members in the future is not a barrier to ascertainability. *Cf. Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010) ("The inclusion of future class members in a class is not itself unusual or objectionable.").

In any case, Plaintiffs' proposed class is sufficiently defined. A proposed class is ascertainable if it can be defined with "objective criteria." *Backhaut v. Apple Inc.*, No. 14-cv-02285-LHK, 2015 WL 4776427, at *11 (N.D. Cal. Aug. 13, 2015); *see also Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012). Such objective criteria exists in this case: records of a USCIS decision regarding the putative class member's SIJ petition in the form of a formal decision letter or a NOID.

Defendants cite *Backhaut* for the proposition that "[t]he need for individualized factual proceedings to determine class membership renders the class unascertainable." Dkt. No. 79 at 23. Defendants read *Backhaut* too broadly in light of the Ninth Circuit's decision in *Briseno*. In *Backhaut*, the district court denied certification on ascertainability grounds because the class definition required it to undertake "highly individualized inquiries" to determine whether: "(1) a third party attempted to send the proposed class member a text message . . . ; (2) the proposed class member did not receive that text message; and (3) the failed text message was 'intercepted'" by the defendant's service. *Id.* The intensive and unreliable nature of these inquiries rendered the *Backhaut* class unascertainable. *Id.* at *11–12. In contrast, here, all that is required to determine class membership is to read the putative class member's denial letter or NOID. Thus, Plaintiffs' proposed class is ascertainable.

### E.    Federal Rule of Civil Procedure 23(a)

Federal Rule of Civil Procedure 23(a) requires plaintiffs to demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

#### 1.    Numerosity

As the first Rule 23(a) requirement, Plaintiffs must demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To determine practicality of joinder, courts consider: "(1) the number of individual class

members; (2) the ease of identifying and contacting class members; (3) the geographical spread of class members; and (4) the ability and willingness of individual members to bring claims . . ." *Twegbe v. Pharmaca Integrative Pharmacy, Inc.*, No. 12-cv-5080-CRB, 2013 WL 3802807, at *2 (N.D. Cal. July 17, 2013). The Ninth Circuit has not offered a precise numerical standard; district courts generally hold, however, "that the numerosity requirement is usually satisfied where the class comprises 40 or more members, and generally not satisfied when the class comprises 21 or fewer members." *Id.*

Here, Plaintiffs estimate that the proposed class contains at least 265 members. *See* Dkt. No. 71 at 17. Plaintiffs also contend that joinder is impracticable because the class members are spread widely throughout the state and each individual class member lacks the resources to litigate on an individual basis. *Id.* at 17–18.

Defendants do not dispute these contentions. Rather, Defendants argue that the class should only include individuals whose SIJ petitions have already been denied. *See* Dkt. No. 79 at 29. Defendants also point out that Plaintiffs only allege four instances where USCIS denied SIJ petitions on the grounds that the state court lacked jurisdiction to order reunification. *Id.* As the Court has explained, however, Plaintiffs do not seek to certify a class of unsuccessful SIJ petitioners to challenge their individual SIJ adjudications. Plaintiffs seek to certify a class of current and future SIJ petitioners who would be subject to Defendants' new requirement and to prevent Defendants from applying that requirement in the future.

Given the size of the class, the geographic distribution of the class members, and the ability of individual members to bring claims, the Court finds that the numerosity requirement is satisfied.

### 2. Commonality

Next, Rule 23(a)(2) requires that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires more than simply whether class members have suffered a violation of the same provision of law. *See Wal-Mart*, 564 U.S. at 350. Rather, "[c]ommonality requires that the class members' claims 'depend upon a

common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (alteration in original) (quoting *Wal-Mart*, 564 U.S. at 350). "Commonality only requires a single significant question of law or fact." *Id.* at 589.

Plaintiffs challenge Defendants' new requirement that, to support a SIJ petition, guardianship orders must be issued by a state court with jurisdiction to order reunification between the SIJ petitioner and at least one of her parents. The Ninth Circuit has recognized that "in a civil-rights suit . . . commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong*, 275 F.3d at 868. Defendants' new requirement is such a "practice or policy." *Id.* Whether that requirement is lawful is a common question of law sufficient to satisfy commonality.

Defendants' only challenge to commonality extends from their focus on the denial of individual SIJ petitions as the relevant injury. *See* Dkt. No. 79 at 25. According to Defendants, the adjudication of each SIJ petition involves unique factual and legal questions depending on the petitioner's entire immigration record. *Id.* Because USCIS officers have to review each SIJ petition on its own merits, Defendants contends that "each proposed class member is entitled to individualized analysis." *Id.*

This argument fails for two reasons. First, Defendants appears to conflate Rule 23(a)'s commonality requirement with Rule 23(b)(3)'s predominance requirement. Under Rule 23(a), "a single significant question of law or fact" is enough. *Mazza*, 666 F.3d at 588. Whether individual questions of law or fact "overwhelm questions common to the class" is relevant to Rule 23(b)(3)'s predominance inquiry, not Rule 23(a)(2)'s commonality requirement. *In re Hyundai & Kia Fuel Economy Litig.*, 881 F.3d 679, 691 (9th Cir. 2018) (quoting *Comcast*, 569 U.S. at 34), *reh'g en banc granted* 881 F.3d 679 (9th Cir. 2018). Commonality is construed "permissively" and is satisfied where, as here, class members share "some . . . legal issues or a common core of facts." *Rodriguez*, 591

F.3d at 1122. The single common question—whether Defendants' new requirement is lawful—is "central to the validity" of each class members' Administrative Procedures Act ("APA") and Fifth Amendment Due Process claims. *Mazza*, 666 F.3d at 588.

Second, as the Court has explained before, this class action is not concerned with the adjudication of each individual SIJ petition. Plaintiffs challenge Defendants' new requirement regarding state court jurisdiction. The fact that the adjudication of each individual SIJ petition may require individualized factual and legal inquiries is simply irrelevant. The legal question "at the heart of each class member's claim for relief"— whether California probate courts must have the capacity to order reunification with a parent—is common. *Rodriguez*, 591 F.3d at 1123.

### 3. Typicality

Plaintiffs' claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This standard is "permissive," and claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Named Plaintiffs are typical of the class. Each named plaintiff challenges the lawfulness of Defendants' requirement that California probate courts must have the capacity to order reunification with a parent in order to issue a valid guardianship order for the purposes of a SIJ application. By adopting this requirement, Defendants have categorically barred virtually all class members from obtaining SIJ status. The application of the new requirement is not unique to the named plaintiffs.

Defendants raise two arguments. First, Defendants suggest that typicality is not met unless the challenged conduct is the sole cause of the final agency action. *See* Dkt. No. 79

at 27. In Defendants' view, this means that Plaintiffs cannot demonstrate typicality unless SIJ status for each putative class member is denied "solely" because of the new requirement. *Id.*

As the Court has already explained, however, the relevant agency action is not the adjudication of individual SIJ petitions. Rather, the relevant agency action is USCIS's adoption of the new parental reunification requirement for state court jurisdiction.[4] The named Plaintiffs are typical not because their SIJ petitions have been denied; they are typical because their SIJ petitions have been denied on the grounds that the state court issuing their guardianship orders lacked jurisdiction. Plaintiffs are challenging the reason for denial, not the denial itself.

Moreover, it is not clear that typicality requires the stringent "but for" or "solely because" test Defendants puts forth. In *Arnott v. USCIS*, 290 F.R.D. 579, 587 (C.D. Cal. 2012), the case cited by Defendants for this proposition, the district court held that the representative plaintiffs, a group of immigrant investors, were typical because the plaintiffs' and class members' lawful permanent residency petitions were denied "solely because of" USCIS's retroactive application of a new rule. The "solely because of" language, however, was simply the *Arnott* plaintiffs' proposed class definition, not a statement of applicable legal principles. *Id.* Indeed, *Arnott* appears to support Plaintiffs' position. *See id.* ("[T]he declaratory and injunctive relief sought by the named Plaintiffs is sufficiently 'co-extensive with' the relief sought by unnamed class members, since a rejection of the same . . . rule is all the relief sought by every class member.").

Second, Defendants argue that the named Plaintiffs are not typical because each class member is "at varying stages of the SIJ process and may have different reasons for (eventual) denial." *See* Dkt. No. 79 at 27. The Ninth Circuit, however, rejected a virtually

---

[4] To the extent Defendants are arguing that the relevant agency action is USCIS's denial of each individual SIJ petition, the Court already rejected that argument in its October 24, 2018, order granting Plaintiffs' motion for a preliminary injunction. *See* Dkt. No. 49 at 20–24. Because Defendants re-raise the final agency action issue in their pending motion to dismiss, the Court will not revisit its prior decision here.

identical argument in *Rodriguez*. There, the United States argued that the representative plaintiff was not typical because members of the proposed class were "detained under different statutes and are at different points in the removal process and hence do not raise identical claims . . . ." *Rodriguez*, 591 F.3d at 1124. The Ninth Circuit held that these differences were immaterial because the class all "raise similar constitutionally-based arguments and are alleged victims of the same practice . . . ." *Id.* "The particular characteristics of the [plaintiff] or any individual [class member] will not impact the resolution of th[e] general statutory question and, therefore, cannot render [plaintiff's] claim atypical." *Id.* So too here.

### 4. Adequacy

Finally, Plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy requires that (1) the proposed class representatives and their counsel do not "have any conflicts of interest with other class members"; and (2) the proposed class representatives and their counsel must "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1020).

Both requirements are met. Named Plaintiffs' interest in overturning Defendants' new SIJ requirements are completely aligned with the interests of the class because they face the same injury: denial of SIJ status on the grounds that the California probate court lacks jurisdiction to make the required guardianship order. Similarly, named Plaintiffs and their counsel have indicated that they will prosecute the action vigorously on behalf of the class. *See* Dkt. No. 72, Exs. 1–4. Class counsel are also highly experienced, have sufficient resources, and have no apparent conflicts of interest.[5] *See id.*, Exs. 5–7.

Defendants argue that named Plaintiffs are nonetheless inadequate representatives because each SIJ adjudication is unique and turn on the specific facts of each petition. Similarly, Defendants also contend that none of the named Plaintiffs are similarly situated

---

[5] Defendants do not dispute the adequacy of class counsel.

to class members who will, but have not yet applied for a guardianship order or filed a SIJ petition. Because the "strategies and justifications used to litigate SIJ eligibility will differ" from petitioner to petitioner, Defendants argues that Plaintiffs interests do not sufficiently align with the class. Dkt. No. 79 at 29.

This argument is yet another variation of Defendants' focus on the outcome of an individual SIJ adjudication rather than the Plaintiffs' challenge to their underlying policy. While it may be true that each individual SIJ adjudication requires a different set of litigation strategies and justifications to navigate, such differences are immaterial. Defendants' allegedly unlawful requirement that California probate courts must have jurisdiction to reunify a petitioner with her parents in order to issue a valid guardianship order is an effectively insurmountable hurdle for obtaining SIJ status that applies to all class members. Each named Plaintiff and putative class member share an interest in removing that hurdle.

In sum, the Court concludes that the proposed class is sufficiently numerous, share a common question of law, the named Plaintiffs are typical of the class, and the named Plaintiffs are adequate representatives of the class. The Court also finds that class counsel are adequate.

### F. Federal Rule of Civil Procedure 23(b)(2)

Class actions must also fall into one of three enumerated categories. *See* Fed. R. Civ. P. 23(b)(1)–(3). Here, Plaintiffs seek to certify a class under Rule 23(b)(2).

A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2). "Class certification under Rule 23(b)(2) requires that the primary relief sought is declaratory or injunctive." *Rodriguez*, 591 F.3d at 1125 (internal citations and quotations omitted). Rule 23(b)(2) only requires the Court "to look at whether class members seek uniform relief from a practice applicable to all of them." *Id.* Thus, "[t]he fact that some class members may have suffered no injury or different

injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." *Id.* (citing *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)).

Rule 23(b)(2) is satisfied. Plaintiffs challenge Defendants' new requirement that the California probate court issuing the requisite guardianship order be able to order reunification between the petitioner and her parents. The challenged conduct applies generally to the class and final injunctive relief enjoining Defendants from applying this requirement is applicable to the class as a whole.

Defendants first argue that class certification is not needed because J.L.'s individual case is an appropriate and adequate vehicle for obtaining the requested relief. *See* Dkt. No. 79 at 30. Although some district courts have denied class certification when they deemed it unnecessary or needlessly expensive (*see M.R. v. Bd. of Sch. Com'rs of Mobile Cnty.*, 286 F.R.D. 510, 521 (S.D. Ala. 2012) (denying class certification under Rule 23(b)(2) because "certifying a class here would multiply the workload, complexity, burdens and attorney's fees for the parties with no countervailing benefit")) and the Ninth Circuit has approved of the use of such discretion at least once (*see James v. Ball*, 613 F.3d 180, 186 (9th Cir. 1979), *overruled on other grounds*), "necessity" is not a strict requirement under Rule 23(b)(2). Indeed, a "necessity" requirement would eviscerate Rule 23(b)(2). *See Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008). The Court declines to exercise its discretion to deny class certification on this ground. Forcing individual class members to go forward on an individual basis could lead to inconsistent results and undermines the objectives of Rule 23(b)(2). *See Arnott*, 290 F.R.D. at 588–89.

Finally, Defendants argue that Rule 23(b)(2) does not apply because a single injunction or declaratory judgment will not result in automatic grants of each class members' SIJ petitions. *See* Dkt. No. 79 at 32. Defendants again misunderstand the nature of the injury and relief sought. All that is at issue here is Defendants' new requirement regarding state court jurisdiction and parental reunification. It may well be

that some, most, or all SIJ petitioners will nevertheless receive denials even if Plaintiffs prevail. But that is beside the point. This class action does not seek to force Defendants to grant SIJ status; it only seeks to prevent Defendants from relying on an allegedly unlawful justification for denying SIJ status.

## IV. Conclusion

The Court GRANTS Plaintiffs' motion for class certification and CERTIFIES the following class:

> Children who have received or will receive guardianship orders pursuant to
> California Probate Code § 1510.1(a) and who have received or will receive
> denials of their SIJ status petitions on the grounds that the state court that
> issued the SIJ Findings lacked jurisdiction because the court did not have the
> authority to reunify the children with their parents.

The Court APPOINTS J.L., M.G.S., M.D.G.B., and J.B.A. as class representatives. The Court APPOINTS Manatt, Phelps & Phillips, LLP; Public Counsel; and Lawyers' Committee for Civil Rights of the San Francisco Bay Area as class counsel.

Plaintiffs must meet and confer with Defendants to propose a method and form of notice to class members under Federal Rule of Civil Procedure 23(c)(2)(A). Plaintiffs must file the proposed class notice by **February 15, 2019**.

The Court also ORDERS Plaintiffs to show cause why M.V.B. should not be terminated as a named plaintiff in this case and whether the caption should be updated accordingly. Plaintiffs must respond by **February 8, 2019**, and Defendants may respond by **February 15, 2019**.

**IT IS SO ORDERED.**

Dated: February 1, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge