UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>        Defendants. | Case No. 18-cv-04914-NC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 211 |

Before the Court is the parties' joint motion for preliminary approval of a proposed class action settlement between a class of immigrant juveniles seeking immigration relief and the United States Department of Homeland Security, the United States Citizenship and Immigration Services, and associated officers. *See* Dkt. No. 211. The terms of the settlement are set forth in the Settlement Agreement filed with the Court on October 25, 2019. *See* Dkt. No. 211-2, Ex. A. Because the Settlement Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(e) and due process, the Court GRANTS preliminary approval of the settlement.

**I.   Factual and Procedural Background**

The factual background and legal framework for this case has been summarized in greater detail in the Court's prior orders. *See* Dkt. Nos. 49, 112, 142. The Court will briefly recount those facts and the procedural history of this case here.

In August 2018, individual plaintiffs J.L., M.D.G.B., and J.B.A. filed this lawsuit alleging that USCIS implemented a blanket policy denying petitions for Special Immigrant Juvenile ("SIJ") status under 8 U.S.C. § 1101(a)(27)(J). *See* Dkt. No. 1. Under that statute, unmarried immigrants under the age of 21 may apply for SIJ status if they were declared dependent on a state juvenile court, could not be reunited with one or both of their parents, and it would not be in their best interest to be returned to their previous country of residence. *See* 8 U.S.C. § 1101(a)(27)(J)(i)–(ii). If granted, SIJ status provided a pathway to permanent residency and citizenship. *See* 8 U.S.C. §§ 1255, 1427.

According to Plaintiffs, USCIS believed that California courts did not have jurisdiction to make the required findings to establish SIJ eligibility because California courts could not reunite individuals over the age of 18 with their parents. USCIS thus began denying SIJ applications based on California court dependency orders. Plaintiffs argued that this practice was contrary to law because California explicitly granted its courts the power to make the necessary findings for SIJ status. *See* Cal. Code Civ. Proc. § 155; Cal. Prob. Code § 1510.1.

On October 24, 2018, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendants from denying SIJ status on the grounds that a California Probate Court does not have jurisdiction or authority to "reunify" an 18- to 20-year-old with his or her parents. *See* Dkt. No. 49.

Following that order, Plaintiffs amended their complaint and moved for class certification. *See* Dkt. Nos. 70, 71. On February 1, 2019, the Court certified a class of

> [c]hildren who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

*See* Dkt. No. 112. The Court found that the class met the requirements of Federal Rule of Civil Procedure 23(a) and that certification under Rule 23(b)(2) was appropriate because

"the party opposing the class has acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2).

After further motion practice and discovery disputes, the parties participated in several settlement discussions with Magistrate Judge Donna M. Ryu. *See* Dkt. Nos. 199, 202, 203. On October 25, 2019, the parties settled. *See* Dkt. No. 210, 211.

## II. Settlement Agreement

The parties' Settlement Agreement provides that:

1. USCIS will no longer require state courts to have the authority to place into custody or order reunification of a SIJ applicant with his or her parents in order to determine whether the reunification with one or both of their parents is not viable for the purposes of SIJ eligibility;

2. Pursuant to Cal. Prob. Code § 1510.1 and Cal. Code Civ. Proc. § 155, the Probate Division of the California Superior Court is a "juvenile court" for the purpose of making findings and issuing orders for SIJ purposes;

3. An individual is not disqualified from SIJ status if (a) state law confers upon a state court the jurisdiction to declare her dependent, legally commit her to an individual or entity, or place her under the custody of another individual or entity regardless of her age; and (b) she is unmarried and under the age of 21 when she petitions for SIJ status;

4. A "child" as defined by Cal. Prob. Code § 1510.1 is not disqualified from SIJ status, despite having reached California's age of majority before obtaining a custodial placement or legal commitment as required for SIJ eligibility because California Probate Courts have jurisdiction over such "child" as a "juvenile" for purposes of SIJ status under § 1510.1.

*See* Dkt. No. 211-2, Ex. A ("Settlement Agreement") at 6.

Under the Settlement Agreement, both parties must provide notice of the settlement to potential class members no later than two days after the Settlement Agreement obtains

3

preliminary approval. *See id.* at 6–9; *see also* Settlement Agreement, Ex. 1. Specifically, Plaintiffs' counsel are required to notify class members through their websites, reach out to identified class members, and distribute the class notice through relevant mailing lists. *Id.* at 6–7. USCIS is required to post the notice on their website and email the notice to its Office of Public Affairs' subscribed users. *Id.* at 7.

The Settlement Agreement also requires USCIS to adjudicate SIJ petitions in accordance with an agreed-upon timeline and procedures. *See id.* at 9–12. It also requires USCIS to preserve records and provide the Court and Plaintiffs' counsel with compliance reports. *See id.* at 12–13. The Settlement Agreement provides that the Court would retain jurisdiction over this lawsuit for the purpose of enforcing the terms of the Settlement Agreement. *See id.* at 15.

Next, the Settlement Agreement releases Defendants from the claims asserted in the Plaintiffs' complaint. Specifically, Class Members agree to release all claims for declaratory or injunctive relief based on allegations that USCIS imposed a new requirement that state courts must have the authority to place into custody or order reunification of a SIJ applicant with his or her parents in order to determine whether the reunification with one or both of their parents is not viable for the purposes of SIJ eligibility. *See id.* at 5, 14. Class Members also release Defendants from all claims arising from the facts and circumstances giving rise to this lawsuit. *See id.* at 14. However, Class Members reserve the right to challenge the adjudication of their individual immigration petitions or removal orders. *See id.* Defendants do not admit wrongdoing under the Settlement Agreement. *Id.* at 15.

Finally, the Settlement Agreement does not award attorneys' fees and costs, but leaves open a process for Plaintiffs' counsel to seek fees and costs. *See id.* at 16.

**III. Findings and Conclusions**

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds as follows:

4

1. The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.
2. The Court previously certified a Class under Federal Rule of Civil Procedure 23(b)(2) consisting of:

    > Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

    *See* Dkt. No. 112.
3. The Court preliminarily approves the Settlement Agreement as likely to be approved under Rule 23(e)(2) and as meriting notice to Class Members for their consideration.  In particular, the Court preliminarily finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class considering (i) the complexity, expense, and likely duration of the Action; (ii) the stage of the proceedings and amount of discovery completed; (iii) the factual and legal obstacles to prevailing on the merits; (iv) the possible range of recovery; (v) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendants, and Defendants' counsel.
4. The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.
5. The Court also determines that the Class Notice and notice procedure as described in the Settlement Agreement: (i) meets the requirements of Rule 23(e)(1) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise the Class Members of their right to object to the proposed Settlement; and (iv) is reasonable and constitutes due,

adequate, and sufficient notice to all those entitled to receive notice.

6. Accordingly, per § IV of the Settlement Agreement, Plaintiffs and USCIS must provide notice to Class Members by **November 1, 2019**, in the following manner:
   a. Plaintiffs shall post the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, on the Public Counsel website and the Lawyers' Committee for Civil Rights of the San Francisco Bay Area's website;
   b. Plaintiffs shall directly contact the individual Class Members, through their counsel, that Plaintiffs have already identified in connection with the declarations previously filed in this case, and provide a copy of the Class Notice (in English and Spanish), including a copy of the Settlement Agreement;
   c. USCIS shall post the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, on USCIS's website on the "Legal Resources, Legal Settlement Notices" and the "Special Immigrant Juveniles" sections;
   d. Plaintiffs shall distribute the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, on relevant email/listserv mailing lists for direct service providers; and
   e. USCIS's Office of Public Affairs shall email the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, to its approximately 47,000 subscribed users.

7. There are no rights to "opt-out" of the Settlement Agreement and the proposed agreement would bind all Class Members.

8. Defendants must provide Class Counsel with the Class List by **November 13, 2019**, pursuant to § IV.E of the Settlement Agreement.

9. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must submit his or her objection ("Objection") to the Court in writing, via regular mail on or before the Objection Date, with copies to

counsel for the parties. Such Objection shall include a statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support the Class Member wishes to bring the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection, and to state whether the Class Member and/or his or her counsel wishes to make an appearance at the Approval Hearing, or be barred from separately objecting.

10. The Objection Date is hereby set for **December 6, 2019**. Class Counsel and Defendants may respond to any objections by **December 11, 2019**.

11. The Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement Agreement is hereby set for **December 18, 2019**, at 1:00 p.m. in Courtroom 5, 4th Floor, U.S. District Court, 280 S. First Street, San Jose, California.

12. Relevant deadlines are summarized as follows:

| **Notice Date** | November 1, 2019 |
|---|---|
| **Production of the Class List** | November 13, 2019 |
| **File Objections or Notice of Intent to Appear at Fairness Hearing** | December 6, 2019 |
| **Final Approval Hearing** | December 18, 2019, at 1:00 p.m. |

**IT IS SO ORDERED.**

Dated: October 30, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge