United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>        Defendants. | Case No. 18-cv-04914-NC<br><br>**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 222 |

Before the Court is the Plaintiffs' motion for final approval of a class action settlement between a class of immigrant juveniles seeking immigration relief and the United States Department of Homeland Security, the United States Citizenship and Immigration Services, and associated officers. *See* Dkt. No. 222. The terms of the settlement are set forth in the Settlement Agreement filed on October 25, 2019 (*see* Dkt. No. 211-2, Ex. A) and were preliminarily approved by the Court (*see* Dkt. No. 218). Because the Settlement Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(e) and due process, the Court GRANTS final approval of the settlement.

**I.    Factual and Procedural Background**

The factual background and legal framework for this case has been summarized in greater detail in the Court's prior orders. *See* Dkt. Nos. 49, 112, 142. The Court will briefly recount those facts and the procedural history of this case here.

In August 2018, individual plaintiffs J.L., M.D.G.B., and J.B.A. filed this lawsuit alleging that USCIS implemented a blanket policy denying petitions for Special Immigrant Juvenile ("SIJ") status under 8 U.S.C. § 1101(a)(27)(J). *See* Dkt. No. 1. Under that statute, unmarried immigrants under the age of 21 may apply for SIJ status if they were declared dependent on a state juvenile court, could not be reunited with one or both of their parents, and it would not be in their best interest to be returned to their previous country of residence. *See* 8 U.S.C. § 1101(a)(27)(J)(i)–(ii). If granted, SIJ status provided a pathway to permanent residency and citizenship. *See* 8 U.S.C. §§ 1255, 1427.

According to Plaintiffs, USCIS believed that California courts did not have jurisdiction to make the required findings to establish SIJ eligibility because California courts could not reunite individuals over the age of 18 with their parents. USCIS thus began denying SIJ applications based on California court dependency orders. Plaintiffs argued that this practice was contrary to law because California explicitly granted its courts the power to make the necessary findings for SIJ status. *See* Cal. Code Civ. Proc. § 155; Cal. Prob. Code § 1510.1.

On October 24, 2018, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendants from denying SIJ status on the grounds that a California Probate Court does not have jurisdiction or authority to "reunify" an 18- to 20-year-old with his or her parents. *See* Dkt. No. 49.

Following that order, Plaintiffs amended their complaint and moved for class certification. *See* Dkt. Nos. 70, 71. On February 1, 2019, the Court certified a class of

> Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

*See* Dkt. No. 112. The Court found that the class met the requirements of Federal Rule of Civil Procedure 23(a) and that certification under Rule 23(b)(2) was appropriate because

2

"the party opposing the class has acted or refused to act on the grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2).

After further motion practice and discovery disputes, the parties participated in several settlement discussions with Magistrate Judge Donna M. Ryu. *See* Dkt. Nos. 199, 202, 203. On October 25, 2019, the parties settled and moved for preliminary approval of the Settlement Agreement. *See* Dkt. Nos. 210, 211. The Court granted preliminary approval of the Settlement Agreement on October 30, 2019. *See* Dkt. Nos. 217, 218.

## II. Settlement Agreement

The parties' Settlement Agreement provides that:

1. USCIS will no longer require state courts to have the authority to place into custody or order reunification of a SIJ applicant with his or her parents in order to determine whether the reunification with one or both of their parents is not viable for the purposes of SIJ eligibility;
2. Pursuant to Cal. Prob. Code § 1510.1 and Cal. Code Civ. Proc. § 155, the Probate Division of the California Superior Court is a "juvenile court" for the purpose of making findings and issuing orders for SIJ purposes;
3. An individual is not disqualified from SIJ status if (a) state law confers upon a state court the jurisdiction to declare her dependent, legally commit her to an individual or entity, or place her under the custody of another individual or entity regardless of her age; and (b) she is unmarried and under the age of 21 when she petitions for SIJ status;
4. A "child" as defined by Cal. Prob. Code § 1510.1 is not disqualified from SIJ status, despite having reached California's age of majority before obtaining a custodial placement or legal commitment as required for SIJ eligibility because California Probate Courts have jurisdiction over such "child" as a "juvenile" for purposes of SIJ status under § 1510.1.

*See* Dkt. No. 211-2, Ex. A ("Settlement Agreement") at 6.

3

1   Under the Settlement Agreement, both parties were required to provide notice of the settlement to potential class members no later than November 1, 2019. *See id.* at 6–9; *see also* Dkt. No. 218 at 4. Specifically, Plaintiffs' counsel were required to notify class members through their websites, reach out to identified class members, and distribute the class notice through relevant mailing lists. Settlement Agreement at 6–7. USCIS was required to post the notice on their website and email the notice to its Office of Public Affairs' subscribed users. *Id.* at 7.

The Settlement Agreement requires USCIS to adjudicate SIJ petitions in accordance with an agreed-upon timeline and procedures. *See id.* at 9–12. It also requires USCIS to preserve records and provide the Court and Plaintiffs' counsel with compliance reports. *See id.* at 12–13. The Settlement Agreement provides that the Court would retain jurisdiction over this lawsuit for the purpose of enforcing the terms of the Settlement Agreement. *See id.* at 15.

Next, the Settlement Agreement releases Defendants from the claims asserted in the Plaintiffs' complaint. Specifically, Class Members agree to release all claims for declaratory or injunctive relief based on allegations that USCIS imposed a new requirement that state courts must have the authority to place into custody or order reunification of a SIJ applicant with his or her parents in order to determine whether the reunification with one or both of their parents is not viable for the purposes of SIJ eligibility. *See id.* at 5, 14. Class Members also release Defendants from all claims arising from the facts and circumstances giving rise to this lawsuit. *See id.* at 14. Class Members also waive the provisions, rights, and benefits of Cal. Civ. Code § 1542, or other similar laws. *See id.* However, Class Members reserve the right to challenge the adjudication of their individual immigration petitions or removal orders. *See id.* Defendants do not admit wrongdoing under the Settlement Agreement. *Id.* at 15.

Finally, the Settlement Agreement does not award attorneys' fees and costs, but leaves open a process for Plaintiffs' counsel to seek fees and costs. *See id.* at 16.

## III. Findings and Conclusions

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds as follows:

1. The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court previously certified a Class under Federal Rule of Civil Procedure 23(b)(2) consisting of:

   > Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

   *See* Dkt. No. 112. Pursuant to the terms of the Settlement Agreement, individuals who file their SIJ petition with USCIS on or before December 15, 2019, may benefit from the agreement. *See* Settlement Agreement § II.

3. On December 18, 2019, the Court held a final approval hearing to consider the fairness, reasonableness, and adequacy of the Settlement Agreement.

4. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class considering the relevant factors under *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

    a. The first and second *Churchill* factors weigh in favor of final approval. The Plaintiffs' case was strong, as demonstrated by their success on the motions for preliminary injunction, class certification, and dismissal. Indeed, the Settlement Agreement provides the Class their requested relief. In addition, the high complexity, expense, and likely duration of the lawsuit further weighs in favor of final approval.

b. The third *Churchill* factor is neutral. Although it is unlikely that class action status would be dissolved during the pendency of this lawsuit, Class Members are at risk of removal or other adverse adjustments to their immigration status. *See* Dkt. Nos. 223, 224.

　　　　c. The fourth *Churchill* factor is irrelevant. No monetary amount was offered in settlement as this lawsuit proceeded as a Rule 23(b)(2) class.

　　　　d. The fifth *Churchill* factor weighs in favor of final approval. The Settlement Agreement was reached on the eve of the hearing for the parties' cross-motions for summary judgment and significant discovery of the administrative record had been completed.

　　　　e. The sixth *Churchill* factor also weighs in favor of final approval as the Parties and their counsel all agree that the Settlement Agreement should be approved.

　　　　f. The seventh *Churchill* factor weighs in favor of final approval. Various agencies and officers of the United States government are the Defendants and Defendants approve of the Settlement Agreement.

　　　　g. Finally, the eighth *Churchill* factor weighs in favor of final approval. No Class Members have objected to the Settlement Agreement.

5. The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

6. The Court also finds that the Class Notice described in the Settlement Agreement was distributed to Class Members in the manner approved by the Court's October 30, 2019, order granting preliminary approval. *See* Dkt. No. 218. The Class Notice was reasonably calculated to apprise interested parties about the pendency of this lawsuit, the nature of their claims, the definition of the Class, and their opportunities to object to the Settlement Agreement.

7. As explained above, there were no objections to the Settlement Agreement.

8. Likewise, Class Counsel, Defendants, and the Court did not receive any requests to "opt-out" of the Settlement Agreement. In any case, because the Class was certified under Federal Rule of Civil Procedure 23(b)(2), there were no rights to "opt-out" of the Settlement Agreement and the agreement binds all Class Members.
9. Accordingly, the Court **GRANTS** final approval of the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2).
10. The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement, this Order, and the Judgment, shall forever be binding on the class.
11. Pursuant to the Settlement Agreement, all parties must provide an "Updated Notice" to all individuals on the Class List. *See* Settlement Agreement §§ II, IV.G; *see also* Dkt. No. 222-2, Ex. A ("Updated Notice").
12. The Court retains jurisdiction over the Settlement Agreement for the purpose of enforcing any of its provisions and terms. The Court's jurisdiction over the Settlement Agreement will terminate one year after further Court order approving Defendants' certification that they have fully adjudicated the Class Members' petitions in compliance with Sections III and V of the Agreement.
13. The Court's October 24, 2018, preliminary injunction order (*see* Dkt. No. 49) shall terminate upon entry of judgment. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010). The Court retains jurisdiction to address any violations of that order before judgment and to adjudicate the Court's December 16, 2019, order to show cause for: (1) one year following entry of judgment or (2) until such time that removed Class Members have confirmed that they do not wish to be returned to the United States or are returned to the United States if so requested, whichever is later.
14. This order does not award fees or costs to any party. If the parties are unable to reach an agreement as to fees or costs, Class Counsel must file a motion for fees or costs within 30 days following entry of judgment.

**IT IS SO ORDERED.**

Dated: December 18, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge