# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L., M.G.S., M.D.G.B., and J.B.A., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, *et al.*, [1]<br><br>Defendants. | Case No.  CV 18-4914<br><br><br>**[PROPOSED] ORDER FINDING DEFENDANTS IN CIVIL CONTEMPT AND ORDERING REMEDIAL SANCTIONS** |

---

[1] Chad F. Wolf is the current Acting Secretary of the Department of Homeland Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as the proper party in his official capacity.

On December 16, 2019, the Court issued an Order to Show Cause as to why Defendants should not be held in civil contempt for violating the notice provision ("Paragraph 4") of this Court's Preliminary Injunction Order ("PI Order").  Dkt. 224; *see also* Dkt. 49 at 28.  Having reviewed the briefing submitted by Defendants U.S. Citizenship and Immigration Services ("USCIS"); Department of Homeland Security ("DHS"); Kenneth T. Cuccinelli, II, in his official capacity as Acting Director, USCIS; Chad F. Wolf, in his official capacity as Acting Secretary, DHS; and Robert M. Cowan, in his official capacity as Director, USCIS National Benefits Center (collectively, "Defendants") and Plaintiffs J.L., J.B.A., M.G.S., and M.D.G.B. on behalf of themselves and all Class Members (collectively "Plaintiffs") and hearing oral argument on January 29, 2020, the Court finds Defendants in civil contempt for their violations of the PI Order and that remedial sanctions are warranted.

The Court makes the following findings of fact, which were proven by clear and convincing evidence, and which establish Defendants' contempt of court as to Paragraph 4 of the PI Order:

1. On October 24, 2018, the Court granted Plaintiffs' motion for a preliminary injunction and ordered Defendants to "provide no less than 14 days['] notice to Plaintiffs' counsel before Defendants take any adverse adjudicatory or enforcement action against any of the individual Plaintiffs or members of the Proposed Class."  Dkt. 49 at 28.

2. N.P.G., E.A., R.M.N., E.L.S.D.A., and M.W.D.C. are all Class Members as they have pending Special Immigrant Juvenile Status ("SIJS") petitions and fall within the definition of "Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJS petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents."  Dkt. 112 at 20.

3. On June 26, 2019, Defendants removed N.P.G. to Guatemala without the required notice to Plaintiffs' Counsel.

4. On July 24, 2019, Defendants removed M.W.D.C. to Guatemala without the required notice to Plaintiffs' counsel.

5. On August 12, 2019, Defendants removed E.L.S.D.A. to Mexico without the required notice to Plaintiffs' counsel.

6. On August 22, 2019, Defendants removed E.A. to Mexico without the required notice to Plaintiffs' counsel.

7. On September 4, 2019, Defendants removed R.M.N. to Guatemala without the required notice to Plaintiffs' counsel.

The Court makes the following finding of law, which establish Defendants' contempt of court as to Paragraph 4 of the PI Order:

1. The PI Order is a valid and lawful order properly entered by the Court.

2. The relevant portion of the PI Order is clear, definite, and unambiguous.

3. Defendants' interpretation of the PI Order as not applying to individuals with pending SIJS petitions is not reasonable or based on a good faith interpretation. *See Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2016 WL 4436312, at *9 (N.D. Cal. Aug. 23, 2016) (finding that the plaintiff's actions were not based on a reasonable or good faith interpretation of the court's order when the plaintiff did not dispute that it failed to comply with the court's order and its only substantive response was an untimely challenge to the validity of the order).

4. Defendants did not take all reasonable steps to comply with the PI Order. *See Calvillo Manriquez v. Devos*, 411 F. Supp. 3d 535, 539 (N.D. Cal. 2019) ("Defendants' Compliance Report is silent as to the normal actions one would expect from an entity facing a binding court order: multiple in-person meetings or telephone calls to explain the preliminary injunction and to confirm that the contractors were complying with the preliminary injunction.").

5. Defendants did not substantially comply with the PI Order as the removals of the five Class Members were not harmless technical violations and Defendants did not take all reasonable steps to comply with the PI Order. *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945); *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 947 (9th Cir. 2014); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

[PROPOSED] ORDER FINDING DEFENDANTS
IN CIVIL CONTEMPT AND ORDERING
REMEDIAL SANCTIONS

6.      Compensatory civil sanctions are warranted. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("[T]here are two forms of civil contempt: compensatory and coercive."); *Shell Offshore Inc. v. Greenpeace*, Inc., 815 F.3d 623, 628 (9th Cir. 2016) ("Only compensatory contempt proceedings survive the termination of an underlying injunction."); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("Sanctions for civil contempt may be imposed . . . to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior."); *Perry v. O'Donnell*, 759 F.2d 702, 705-706 (9th Cir. 1985) (upholding district court's award of attorneys' fees and expenses as compensatory sanction for civil contempt).

The Court, having reviewed Defendants' and Plaintiffs' briefing, having heard the argument with respect to the Court's Order to Show Cause, having reviewed all of the evidence, objections, and other submissions presented with respect to the Court's Order to Show Cause and related matters, and the record of all proceedings in this case, and having made the necessary foregoing findings, the Court hereby **FINDS** Defendants in **CIVIL CONTEMPT** and **ORDERS** the following:

1.      Defendants shall return N.P.G., E.A., R.M.N., E.L.S.D.A., and M.W.D.C., to the extent they want to be returned, to the United States by February 29, 2020.

2.      Defendants shall issue final adjudications as to these Class Members' SIJS petitions within five days of their return.

3.      In order to ensure the final adjudication of these Class Members' SIJS petitions within five days of their return, Defendants shall review these Class Members' SIJS petitions and issue any Requests for Evidence ("RFE") or Notices of Intent to Deny ("NOID") directly to these Class Members' immigration attorneys prior to the Class Members' return to the United States. In accordance with Section V.A.3. of the Settlement Agreement (*see* Dkt. 211-2 at 12), any RFEs or NOIDs shall be issued by February 16, 2020 as these Class Members have final orders of removal.

[PROPOSED] ORDER FINDING DEFENDANTS IN CIVIL CONTEMPT AND ORDERING REMEDIAL SANCTIONS

4.      Defendants shall facilitate these Class Members' return to the United States by allowing them to return to the United States with whatever identity documentation they had at the time of removal.

5.      Defendants shall pay for these Class Members' travel to the United States.

6.      Defendants shall pay for these Class Members' travel to any consulates, to the extent necessary.

7.      Upon these Class Members' return to the United States, Defendants shall not detain these returned Class Members without providing 14 days' notice to Plaintiffs' counsel.

8.      Upon these Class Members' return to the United States, Defendants shall not remove these Class Members again without providing 14 days' notice to Plaintiffs' counsel.

9.      Defendants shall pay compensatory sanctions to Plaintiffs based on the value of work expended by Plaintiffs' counsel to address the removals of E.L.S.D.A. and M.W.D.C.  As Defendants are ordered to provide a status update by February 28, 2020 (Dkt. 244), Plaintiffs' counsel shall submit detailed declarations or billing records justifying a specific sanction amount by March 31, 2020.

**IT IS SO ORDERED.**


DATED:                                                    _____
                                                          Hon. NATHANAEL M. COUSINS
                                                          United States Magistrate Judge

[PROPOSED] ORDER FINDING DEFENDANTS
IN CIVIL CONTEMPT AND ORDERING
REMEDIAL SANCTIONS