1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT
8                     NORTHERN DISTRICT OF CALIFORNIA
9

United States District Court
Northern District of California

10
11 | J.L., et al.,                              | Case No. 18-cv-04914-NC
12 |                  Plaintiffs,               | **ORDER HOLDING**
   |                                            | **DEFENDANTS IN CIVIL**
13 |        v.                                  | **CONTEMPT AND ORDERING**
   |                                            | **SANCTIONS**
14 | KENNETH T. CUCCINELLI, Director, U.S.
15 | Citizenship and Immigration Services, CHAD
   | F. WOLF, Acting Secretary, U.S. Department
16 | of Homeland Security, ROBERT M.
   | COWAN, Director, National Benefits Center,
17 | UNITED STATES DEPARTMENT OF
   | HOMELAND SECURITY, and UNITED
18 | STATES CITIZENSHIP AND
   | IMMIGRATION SERVICES
19 |                  Defendants.

20          On October 24, 2018, the Court issued a preliminary injunction prohibiting

21  Defendants from initiating removal proceedings or removing potential class members.  *See*

22  Dkt. No. 49 at 28.  The Court further ordered Defendants to promptly notify Plaintiffs'

23  counsel if any adverse action was taken against potential class members.  *Id.*  Over a year

24  later, Plaintiffs notified the Court that Defendants may have violated the preliminary

25  injunction.  *See* Dkt. No. 223.  Defendants deny that any violation occurred.  *See* Dkt. Nos.

26  230, 247.  The Court finds that Defendants violated the preliminary injunction by

27  removing class members and failing to notify Plaintiffs' counsel of those removals.

28

1    Defendants' violation of the preliminary injunction is especially concerning.

2  Beyond Defendants' basic failure to comply with a Court's order, Defendants removed

3  class members that had been abused, neglected, or abandoned in their countries of origin.

4  And instead of notifying Plaintiffs' counsel of those removals as ordered by the Court,

5  Defendants remained silent until Plaintiffs' counsel discovered those violations themselves

6  six months after the first removal.

7    Accordingly, the Court now holds all Defendants—Kenneth T. Cuccinelli, Chad F.

8  Wolf, Robert M. Cowan, United States Department of Homeland Security, and United

9  States Citizenship and Immigration Services—in civil contempt.

10 **I.    Background**

11   In August 2018, Plaintiffs, a class of young immigrants seeking special immigration

12 status filed this lawsuit against the United States Department of Homeland Security

13 ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), and

14 individual officers in charge of those departments. *See* Dkt. No. 1.  Plaintiffs sought

15 "Special Immigrant Juvenile" ("SIJ") status because they were abused, neglected, or

16 abandoned in their countries of origin. *See* Dkt. No. 49 at 4–5.  Under the SIJ statute, 8

17 U.S.C. § 1101(a)(27)(J), SIJ status was available to any unmarried individual under the age

18 of 21 who had obtained a state court guardianship or dependency order making the

19 requisite findings. *Id.* at 2; *see also* 8 U.S.C. § 1101(a)(27)(J).  According to Plaintiffs,

20 however, Defendants uniformly rejected California probate court guardianship orders by

21 unlawfully concluding that California probate courts did not have jurisdiction to issue

22 those orders. *Id.* at 5–6.

23   Plaintiffs concurrently moved for a preliminary injunction. *See* Dkt. No. 6.  The

24 Court granted the injunction and enjoined Defendants from:

25    1. Denying Special Immigrant Juvenile Status pursuant to 8 U.S.C.

26       § 1101(a)(27)(J) on the ground that a California Probate Court does not have

27       jurisdiction or authority to "reunify" an 18- to 20-year-old immigrant with

28       his or her parents; [and]

2

United States District Court
Northern District of California

1          2.   Initiating removal proceedings against or removing any Special Immigrant

2               Juvenile Status petitioner who was appointed a guardian pursuant to

3               § 1510.1(a) of the California Probate Code and whose Special Immigrant

4               Juvenile Status petition has been denied on the grounds that the California

5               Probate Court did not have jurisdiction or authority to "reunify" an 18- to 20-

6               year-old immigrant with his or her parents.

7   *See* Dkt. No. 49 at 28.  The Court further ordered Defendants "[t]o provide no less than 14

8   days notice to Plaintiffs' counsel before [they] take any adverse adjudicatory or

9   enforcement action against any of the individual Plaintiffs or members of the Proposed

10  Class."  *Id.*  A few months later, the Court certified a class of "children who have received

11  or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and

12  who have received or will receive denials of their SIJ status petitions on the grounds that

13  the state court that issued the SIJ Findings lacked jurisdiction because the court did not

14  have the authority to reunify the children with their parents."  Dkt. No. 112 at 20.

15          On December 13, 2019, the parties filed a joint notice informing the Court that a

16  class member, N.P.G., had been removed from the United States without notice to

17  Plaintiffs' counsel.  *See* Dkt. No. 223.  Plaintiffs' counsel stated that they learned of

18  N.P.G.'s removal on November 13, 2019.  *Id.* at 2.  An immigration judge, however,

19  ordered N.P.G.'s removal on June 13, 2019 (*see* Dkt. No. 230-1 ¶ 12) and N.P.G. was

20  removed to Guatemala on June 26, 2019 (*id.* ¶ 14).  After a meet and confer with

21  Defendants, the parties discovered that two additional class members, E.A. and R.M.N.,

22  had also been removed on August 22, 2019, and September 4, 2019, respectively.  *See* Dkt.

23  No. 223 at 4–7.

24          On December 16, 2019, the Court ordered Defendants to show cause why they

25  should not be held in civil contempt for violating the preliminary injunction.  *See* Dkt. No.

26  224.  The Court noted that it was especially concerned with Defendants' failure to timely

27  notify Plaintiffs' counsel of the three class members' removal.  *Id.* at 1–2.  At a hearing

28  two days later, the Court ordered the Defendants to provide a further update as to whether

United States District Court
Northern District of California

3

any additional class members had been removed.  *See* Dkt. No. 227.  In their update, Defendants identified two more class members, E.S.L.D.A. and M.W.D.C., who had been removed without notice to Plaintiffs' counsel.  *See* Dkt. No. 238 at 2–3.

## II.   Discussion

### A.   Jurisdiction

Although final judgment was entered on December 18, 2019 (*see* Dkt. No. 229), courts may impose sanctions after a judgment is entered.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42–43 (1991) (affirming sanctions for civil contempt after entry of judgment). The Court also retained jurisdiction to address violations of the preliminary injunction. *See* Dkt. No. 229 at 1.

Magistrate judges "may exercise the civil contempt authority of the district court" in "any case in which [the] United States magistrate judge presides with the consent of the parties."  28 U.S.C. § 636(c), (d).  All parties have consented to the jurisdiction of a magistrate judge.  *See* Dkt. Nos. 14, 26, 141.

### B.   Whether Defendants Should Be Held in Contempt

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993).  "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order."  *Id.* (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). But "[a] contemnor in violation of a court order may avoid a finding of civil contempt . . . by showing it took *all* reasonable steps to comply with the order."  *Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016) (emphasis in original) (citing *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014)).  Likewise, "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply."  *Dual-Deck*, 10 F.3d at 695 (quotation marks omitted) (quoting *Vertex Distrib.,*

1   *Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982)).  Civil contempt

2   must be proven by "clear and convincing evidence."  *Id.*

3        The parties agree on the underlying facts.  *See* Dkt. Nos. 226, 238, 247.  There is no

4   dispute that the United States Immigration and Customs Enforcement ("ICE") removed

5   five individuals on the class list.  *See* Dkt. No. 226, 238.  There is also no dispute that

6   Defendants failed to notify Plaintiffs' counsel 14 days before ICE took any adverse

7   adjudicatory or enforcement action against them.  *Id.*  The only dispute is whether

8   Defendants substantially or reasonably complied with the Court's preliminary injunction.

9        Defendants argue that they did not violate the preliminary injunction because ICE

10   reasonably interpreted the Court's preliminary injunction to not include N.P.G., E.A.,

11   R.M.N., E.S.L.D.A., and M.W.D.C.  *See* Dkt. No. 226.  This is so, Defendants argue,

12   because the Court's order did not reach individuals with pending SIJ petitions.

13        The Court disagrees.  In the preliminary injunction, the Court ordered Defendants to

14   notify Plaintiffs' counsel before any adverse action was taken against members of the

15   proposed class.  *See* Dkt. No. 49 at 28.  At that time, the proposed class included

16   individuals with guardianship orders issued pursuant to Cal. Prob. Code § 1510.1(a) and

17   "who have or will receive" denials of their SIJ petitions.  *See* Dkt. No. 1 ¶ 71.  Given that

18   the crux of Plaintiffs' complaint is that Defendants had a blanket policy of denying *all* SIJ

19   petitions based on a § 1510.1(a) guardianship order, the only reasonable interpretation of

20   the Court's order is to cover all individuals with denied or pending SIJ petitions based on a

21   § 1510.1(a) guardianship order.  This interpretation is further bolstered by the fact that the

22   five individuals were included on a class list largely prepared by Defendants themselves.

23   *See* Dkt. No. 223.

24        Defendants also argue that they should not be held in contempt because they took

25   all reasonable steps within their power to comply with the Court's preliminary injunction.

26   *See* Dkt. No. 226 at 10.  In particular, Defendants "issued instructions for immediate

27   implementation, to all USCIS adjudication regions, and advised operational staff not to

28   issue denial decisions . . . ."  *Id.*  Defendants also advised ICE not to remove or initiate

United States District Court
Northern District of California

5

1    removals proceedings against class members. *Id.*

2         These, however, were not *all* reasonable steps Defendants could have taken to

3    comply with the Court's order.  As an agency within the purview of DHS, Defendants had

4    ample ability to control ICE's actions and ensure full compliance with the Court's orders.

5    Defendants could and should have monitored ICE's enforcement actions against class

6    members.  At a minimum, the fact that Defendants failed to discover the violation after

7    several months (and only after Plaintiffs' counsel notified Defendants) demonstrates an

8    unreasonable lack of diligence.

9         Contempt is particularly appropriate here in light of the harm and injustice caused

10   to the five class members.  Defendants' failure to comply with the preliminary injunction

11   caused significant harm to the five removed class members.  Each class member was found

12   to have been abused, neglected, or abandoned in their countries of origin.  By removing

13   those individuals, Defendants exposed them to further harm.  Indeed, at the January 29,

14   2020, hearing, Plaintiffs' counsel stated that one of the removed class members had been

15   assaulted upon return to his country of origin.  *See* Dkt. No. 244.  Similarly, each removed

16   class member is now unable to proceed on their SIJ petitions due to their absence, causing

17   further delay in the resolution of their petitions.

18        In short, Defendants failed to take all reasonable steps to comply with the Court's

19   preliminary injunction and civil contempt is appropriate.

20        **C.    Appropriate Sanctions**

21        Sanctions for civil contempt are limited "to (1) compel or coerce obedience to a

22   court order, and/or (2) compensate the contemnor's adversary for injuries resulting from

23   the contemnor's noncompliance."). *Ahearn ex rel. N.L.R.B. v. Int'l Longshore &*

24   *Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013); *see also Int'l*

25   *Union v. Bagwell*, 512 U.S. 821, 827 (1994) ("[t]he paradigmatic coercive, civil contempt

26   sanction . . . involves confining a contemnor indefinitely until he complies with an

27   affirmative command . . . .").

28        Defendants' violations have caused substantial injury to N.P.G., E.A., R.M.N.,

*United States District Court*
*Northern District of California*

6

E.S.L.D.A., and M.W.D.C. by removing them from the United States without giving them a full opportunity to obtain SIJ status.  Compensatory sanctions are therefore appropriate to remedy Defendants' violation.  Because the ability to remedy the injury is largely in Defendants' hands, coercive sanctions are also appropriate to incentivize Defendants' prompt and full compliance with this order.  *See, e.g.*, *Parsons v. Ryan*, __ F.3d ___, 2020 WL 466709 (9th Cir. Jan. 29, 2020) (affirming coercive civil contempt sanctions).  Accordingly, the Court ORDERS the following:

1. Defendants must facilitate N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.'s return to the United States, to the extent they wish to be returned, by February 29, 2020.

2. Defendants must immediately review N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.'s SIJ petitions to determine whether any Requests for Evidence ("RFE") or Notices of Intent to Deny ("NOID") are appropriate.  If so, Defendants must issue the RFE or NOID to Plaintiffs' counsel and the class members' immigration attorneys by February 21, 2020.

3. Defendants must issue a final adjudication as to N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.'s SIJ petitions within one week of their return or within one week of receiving the class member's response to a RFE or NOID, whichever is later.

4. Defendants must pay for all costs associated with N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.'s travel to the United States or, to the extent necessary, any consulate.

5. Upon N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.'s return to the United States, Defendants must notify Plaintiffs' counsel within 14 days if they intend to detain or remove the class member.

6. Defendants must pay Plaintiffs' counsel reasonable attorneys' fees and costs incurred to address the remedy and removals of N.P.G., E.A., R.M.N., E.S.L.D.A., and M.W.D.C.  Plaintiffs' counsel shall provide Defendants with

United States District Court
Northern District of California

1      detailed declarations or billing records justifying a specific sanction amount

2      by March 31, 2020.  If the parties cannot reach an agreement on fees and

3      costs, Plaintiffs must file a motion for fees and costs by April 30, 2020.

4      7.  For each day after February 29, 2020, that N.P.G., E.A., R.M.N., E.S.L.D.A.,

5      or M.W.D.C. has not been returned to the United States, Defendants must

6      pay Plaintiffs' counsel $500 per removed class member that wishes to be

7      returned to the United States.

8 Defendants must file a status report explaining their compliance by **March 6, 2020**, and

9 every 14 days thereafter until further court order.

10      **IT IS SO ORDERED.**

11

12 Dated:  February 14, 2020                                        _____

13                                             NATHANAEL M. COUSINS
                                            United States Magistrate Judge

United States District Court
Northern District of California