JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation, District Court Section
LAUREN E. FASCETT
Senior Litigation Counsel
CATHERINE M. RENO
JAMES J. WEN
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4142
Fax: (202) 305-7000
James.J.Wen@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

| | |
|---|---|
| J.L. *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Senior Official Performing the Duties of the Director, United States Citizenship and Immigration Services, CHAD F. WOLF, Acting Director, Department of Homeland Security, *et al.*,<br><br>Defendants. | CASE NO. 5:18-CV-4914 NC<br><br>**DEFENDANTS' UPDATE REGARDING THE FACILITATION OF E.S.L.D.A.'S RETURN TO THE UNITED STATES** |

Defendants submit the below update regarding E.S.L.D.A.

On March 2, 2020, the United States Immigration and Customs Enforcement ("ICE") facilitated E.S.L.D.A.'s return to the United States via the San Ysidro Port of Entry. E.S.L.D.A. is currently in ICE custody in Adelanto, California.

1
DEFENDANTS' UPDATE REGARDING THE FACILITATION OF E.S.L.D.A.'S RETURN TO THE U.S.
5:18-cv-4914 NC (DMR)

Defendants notified Plaintiffs of E.S.L.D.A.'s return via email today, March 2, 2020, and that he is detained in Adelanto, California. Defendants also advised that they will provide specific contact information and instructions to Plaintiffs as soon as they are available. Further, Defendants have repeatedly advised Plaintiffs that the removed individuals, including E.S.L.D.A., will be detained upon their return and likely re-removed after 14 days. *See*, *e.g.*, ECF No. 256 at 7; ECF No. 256-4, ¶ 31; ECF No. 243 at 24:35-25:15 ("ICE will likely detain the five individuals when they return to the U.S. due to [their] criminal histories and that they still will have executable final orders of removal because they had independent basis for removal that had nothing to do with their SIJ petitions."); *see generally* ECF No. 250. Defendants also have reiterated this information to Plaintiffs in an email on February 21, 2020, and again via email today along with the notice of E.S.L.D.A.'s return. Having given Plaintiffs notice of ICE's intent to detain the removed individuals, including E.S.L.D.A., since at least January 29, 2020 (ECF No. 243), the notice is sufficient to comply with the Court's order. *See* ECF No. 252, ¶ 5.

Defendants further update the Court that the United States Citizenship and Immigration Services ("USCIS") will immediately begin adjudicating E.S.L.D.A.'s Special Immigrant Juvenile ("SIJ") petition now that he has returned to the U.S. USCIS will adjudicate the SIJ petition within one week per the Court's Amended Order, and before he is re-removed. USCIS has already determined that it will not issue a Request for Evidence or a Notice of Intent to Deny.

Defendants note, however, that even with an approved SIJ petition, E.S.L.D.A. has no legal status that would allow him to remain in the United States. Approval of an SIJ petition does not grant an SIJ petitioner immigration status in the country; rather, approval of an SIJ petition only grants SIJ classification. SIJ classification allows a petitioner to apply to adjust his status to that of a lawful permanent resident *only* if there is a visa immediately available to him or her. If the SIJ petition is approved and the petitioner does not have a visa immediately available, then he or she has no status and is not eligible to apply for adjustment of status until a visa is available.

E.S.L.D.A. does not have a current visa priority number and, thus, cannot yet file an adjustment application. 8 U.S.C. § 1255(a)(3). E.S.L.D.A. is a Mexican national and Mexico is oversubscribed for the visa category in question (SIJ petitioners fall into the fourth preference category of employment-based visas, commonly referred to as "EB-4"). In other words, there are more applicants than available visas, and SIJ petitioners must wait for visa availability before they can apply for adjustment of status. A Mexican national who applies for SIJ classification today has to wait approximately 2 years before he can apply for adjustment of status based on an approved SIJ petition.[1]

E.S.L.D.A., filed his SIJ petition on July 18, 2019, which is his priority date for purposes of filing an adjustment of status application. According to the most recent Visa Bulletin, if USCIS were to approve his SIJ petition today, E.S.L.D.A. still will have to wait approximately one year and eight months for an immigrant visa to become available.[2] In other words, E.S.L.D.A. will not be able to apply to adjust his immigration status to that of a lawful permanent resident based on the SIJ classification until approximately the year 2021.[3]

---

[1] *See* U.S. Department of State, March 2020 Visa Bulletin, *available at* https://travel.state.gov/content/dam/visas/Bulletins/visabulletin_march2020.pdf. The visa bulletin summarizes the availability of immigrant visas under different types of visa categories. SIJ petitioners fall under the fourth preference category of employment-based visas, commonly referred to as EB-4. If a country is oversubscribed within the EB-4 category that means that all of the available visas for nationals of that country have been exhausted. When that happens, the date of filing of the SIJ petition ("priority date") controls how long individuals with SIJ classification must wait before an immigrant visa becomes available, which will enable them to apply for adjustment of status based on their SIJ classification. In the meantime, they will not be eligible to apply for adjustment of status based on their SIJ classification.

[2] *See id.* According to the March 2020 Visa Bulletin, Mexican nationals who filed their SIJ petitions prior to November 15, 2017, have priority dates that are current, *i.e.*, there is an immigrant visa available to them. By contrast, Mexican nationals who filed their SIJ petitions after that date have to wait for a visa to become available.

[3] It is worth nothing that the grant of SIJ classification — and even immediate visa availability — does not guarantee that an individual will be granted adjustment of status to that of a lawful permanent resident. Under the Immigration and Nationality Act ("INA"), adjustment of status applicants must show that they are admissible to the United States. INA § 245(a)(2), 8 U.S.C. § 1255(a)(2). Certain crimes may render certain adjustment of status applicants, including those with SIJ classification, inadmissible. INA § 212(a)(2).

Further, ICE plans to re-remove E.S.L.S.A. in 14 days.

Dated: March 2, 2020                                Respectfully submitted,

JOSEPH H. HUNT                                      /s/ James J. Wen
Assistant Attorney General                          JAMES J. WEN
Civil Division                                      Trial Attorney
                                                    Office of Immigration Litigation
WILLIAM C. PEACHEY                                  District Court Section
Director                                            P.O. Box 868, Ben Franklin Station
Office of Immigration Litigation                    Washington, DC 20044
District Court Section                              Tel: (202) 532-4142
                                                    Fax: (202) 305-7000
LAUREN E. FASCETT                                   Email: James.J.Wen@usdoj.gov
Senior Litigation Counsel

CATHERINE M. RENO                                   *Attorneys for Defendants*
Trial Attorney

## CERTIFICATE OF SERVICE

I, James J. Wen, hereby certify that on this 2nd day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ James J. Wen*
JAMES J. WEN
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section