United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI, Director, U.S. Citizenship and Immigration Services, CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, ROBERT M. COWAN, Director, National Benefits Center, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>    Defendants. | Case No. 18-cv-04914-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 267 |

Before the Court is Defendants' motion for reconsideration of the Court's order holding Defendants in civil contempt. *See* Dkt. No. 252. In their motion, Defendants argue that, in light of changed circumstances, the per diem sanction imposed by the Court's February 14, 2020, civil contempt order will be punitive if allowed to accrue and should be reconsidered. Defendants also argue that the per diem sanction should be payable to the Court and not Plaintiffs' counsel. For the following reasons, the Court GRANTS Defendants' motion.

## I. Background

On December 13, 2019, the parties filed a joint notice informing the Court that three class members, N.P.G., E.A., and R.M.N., had been removed from the United States without notice to Plaintiffs' counsel in violation of the Court's preliminary injunction. *See* Dkt. No. 223. The Court issued an order to show cause why Defendants should not be held in contempt for violation of a court order. *See* Dkt. No. 224. Following a hearing, Defendants identified two more class members, E.S.L.D.A. and M.W.D.C., who had also been removed without notice to Plaintiffs' counsel. *See* Dkt. No. 238 at 2–3.

On February 14, 2020, the Court held Defendants in civil contempt, finding that Defendants violated the preliminary injunction and ordering Defendants to return the removed class members to the United States. *See* Dkt. No. 249. As part of the contempt order, the Court sanctioned Defendants $500 per day for each removed class member beginning February 29, 2020, made payable to Plaintiffs' counsel. *See id.* at 8.

Since that order, Defendants have returned three of the removed class members: N.P.G., E.S.L.D.A., and M.W.D.C. *See* Dkt. Nos. 256, 258, 261. M.W.D.C.'s return was delayed to March 5, 2020, due to difficulty in contacting his attorney and obtaining a passport. *See* Dkt. No. 238-3. E.A. apparently does not wish to return to the United States. *See* Dkt. No. 267-1 ¶ 9. And R.M.N.'s return was delayed by injuries (*see* Dkt. No. 256-2 ¶¶ 8–10) and is now unable to return because Guatemala has since restricted travel as part of their response to the recent COVID-19 pandemic. *See* Dkt. No. 268.

## II. Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* Local Rule 7-9 limits reconsideration of an interlocutory order to three grounds:

(1) a material difference in fact or law exists from that which was presented to the Court previously, and the party applying for reconsideration shows that it exercised reasonable diligence yet did not know such fact or law at the time of the order; (2) new material facts have emerged or relevant law has changed after the Court issued its order; or (3) the Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments.

N.D. Cal. L.R. 7-9(b)(3).

**III. Discussion**

### A. Whether the Per Diem Sanctions are Punitive

Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993). Sanctions for civil contempt are limited "to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance."). *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013); *see also Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994) ("[t]he paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command . . . .").

Civil contempt sanctions "are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of his prison in his own pocket.'" *United States v. Ayres*, 166 F.3d 991, 996–97 (9th Cir. 1999) (citing Bagwell, 512 U.S. at 828). Thus, "[a] contemnor's ability to purge civil contempt . . . cannot be contingent upon the acquiescence of an opposing party because such an arrangement effectively renders the contempt punitive, rather than civil." *Id.*

As a general matter, Defendants argue that the coercive per diem sanctions are punitive because they were unnecessary to obtain compliance with the Court's contempt order. The Court rejects that argument. Although Defendants indicated that they were

3

1 already in the process of returning the removed class members before the Court held them
2 in contempt, those class members were removed many months before the Court issued its
3 order. Coercive sanctions were warranted to ensure Defendants' compliance posthaste,
4 especially in light of the continuing harm suffered by the class members.

Defendants also argue that material differences in facts exist as to E.A., R.M.N., and M.W.D.C. that warrant reconsideration of the Court's per diem sanction. The Court discusses each in turn.

### 1. E.A.

Defendants represent that E.A. does not wish to return to the United States. *See* Dkt. No. 267-1. According to Defendants, they have been unable to contact E.A. or his previous attorney. *Id.* ¶¶ 4–5, 9. They were, however, able to contact E.A.'s family friend on March 12, 2020, who stated that E.A.'s mother believed that E.A. did not wish to return to the United States. *Id.* ¶¶ 6–8.

Although the factual basis for reconsideration is shaky, Plaintiffs do not contest the veracity of Defendants' representations. *See* Dkt. No. 269 at 4; *see also* Dkt. No. 262. Absent evidence to the contrary, the Court will accept Defendants' representation that E.A. no longer wishes to return to the United States. Accordingly, no coercive sanctions are warranted as to E.A.

### 2. R.M.N.

Defendants argue that reconsideration of coercive sanctions as to R.M.N. are warranted for two reasons. First, Defendants represent that they were poised to return R.M.N. to the United States on February 27, 2020, but could not do so because R.M.N. suffered from an injury rendering him unable to fly until the following week. *See* Dkt. No. 256-2 ¶¶ 8, 10. Second, Defendants also contend that R.M.N.'s return is now impossible due to travel restrictions by the Guatemalan government in response to the COVID-19 pandemic.

The Court agrees with Defendants that these facts are material and warrant reconsideration. Because R.M.N.'s injury and the COVID-19 pandemic were factors

outside of Defendants' control, Defendants cannot purge the contempt while travel restrictions are in place. The Court will not terminate per diem sanctions as to R.M.N., however, but will instead stay those sanctions until further Court order.

### 3. M.W.D.C.

Defendants argue that the Court should not impose per diem sanctions as to M.W.D.C. for the period between March 1 to March 5, 2020—the date of M.W.D.C.'s return. According to Defendants, the delay was due to the fact that M.W.D.C.'s attorneys did not respond to their inquiries until a month after their initial contact. *See* Dkt. No. 238-3 ¶¶ 9, 12–13. And after M.W.D.C.'s attorneys finally contacted Defendants, it took a week to obtain M.W.D.C.'s passport for travel. *Id.* ¶¶ 15–18.

Here, it appears that the delay in M.W.D.C.'s return is attributable to his attorneys' delay and the Guatemalan government's travel requirements. Because it is inappropriate to fine Defendants for another party's delay and M.W.D.C. has since been returned to the United States, per diem sanctions are not warranted as to M.W.D.C. *See Ayers*, 166 F.3d at 996–97.

## B. Whether the Per Diem Sanctions Must Be Payable to the Court

Citing *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) and *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992), Defendants argue that coercive sanctions must be payable to the Court, not Plaintiffs' counsel. Plaintiffs cite numerous district court orders making coercive sanctions payable to the opposing party, but Defendants appear to be correct. *See Richmark*, 959 F.2d at 1482 ("The district court therefore erred in making the contempt sanction payable to [Plaintiff]."); *Gen. Signal*, 787 F.2d at 1380 ("If the fine, or any portion of the fine, is coercive, it should be payable to the court, not [the other party].").

Accordingly, the Court GRANTS Defendants' motion for reconsideration and modifies the contempt order to make the per diem sanction payable to the Court. *See Richmark*, 959 F.2d at 1482.

**IV. Conclusion**

The Court GRANTS Defendants' motion for reconsideration. Per diem sanctions are not warranted as to E.A. and M.W.D.C. Per diem sanctions as to R.M.N. are stayed until further Court order. Defendants must provide an update to the Court as to its efforts to return R.M.N. to the United States no more than two days after Guatemala lifts COVID-19-related travel restrictions. All per diem sanctions must be made payable to the Court.

**IT IS SO ORDERED.**

Dated: March 27, 2020

NATHANAEL M. COUSINS
United States Magistrate Judge