FILED

Mar 03 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| J.L. *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TRACY L. RENAUD, Senior Official Performing the Duties of the Director, United States Citizenship and Immigration Services, ALEJANDRO N. MAYORKAS, Secretary, Department of Homeland Security, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 5:18-CV-4914 NC (DMR)<br><br>ORDER APPROVING DEFENDANTS' CERTIFICATION OF FULL ADJUDICATION OF THE CLASS MEMBERS' PETITIONS IN COMPLIANCE WITH THE SETTLEMENT AGREEMENT<br><br>The Honorable Nathanael M. Cousins |

　　　Before the Court is Defendants' "Notice of" and "Certification" of full adjudication of the Class Members' petitions in compliance with the Settlement Agreement and request for order approving Certification.

　　　On December 18, 2019, the Court granted final approval of the Settlement Agreement (ECF No. 211-2) and dismissed the case with prejudice. ECF No. 229, Judgment at 1. It retained "jurisdiction over the Settlement Agreement for the purpose of enforcing any of its provisions and terms." *Id*. The Court specified that its "jurisdiction over the Settlement Agreement will terminate one year after further Court order approving Defendants' certification that they have fully adjudicated the Class Members' petitions in compliance with Sections III and V of the Agreement." *Id*.

　　　Also on December 18, 2020, the Court ordered that the "Court's October 24, 2018, preliminary injunction order (*see* Dkt. No. 49) shall terminate upon entry of judgment." ECF No. 228 at 7. But the Court ordered that it retained jurisdiction to address violations of the Preliminary Injunction ("PI") order and to adjudicate the December 16, 2019 Order to Show

Cause "for: (1) one year following entry of judgment or (2) until such time that all removed Class Members have confirmed that they do not wish to be returned to the United States or are returned to the United States if so requested, whichever is later." *See id*.; ECF No. 229 at 1.

Having read and considered the papers filed in connection with this matter, the Court hereby **GRANTS** Defendants' request and **APPROVES** Defendants' Certification of full adjudication of the Class Members' petitions in compliance with Sections III and V of the Settlement Agreement.

The Court finds that Defendants have demonstrated that they have fully adjudicated the Class Members' petitions in compliance with Sections III and V of the Settlement Agreement.

The Court further finds that, as of June 18, 2020, Defendants had returned N.P.G., R.M.N., E.S.L.D.A, and M.W.D.C to the United States, and had confirmed that E.A. did not wish to be returned to the United States. Therefore, the Court's jurisdiction to address violations of the Preliminary Injunction ("PI") order and to adjudicate the December 16, 2019 Order to Show Cause terminated on June 18, 2020.

ACCORDINGLY, the Court hereby **ORDERS** that its jurisdiction over the Settlement Agreement shall terminate automatically one year from the date of this order.

The telephonic status hearing set for March 10, 2021, at 2:00 p.m. is VACATED.

IT IS SO ORDERED.

Dated: March 3, 2021

_____
Judge Nathanael M. Cousins